IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARRELLYNN LEAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-379-STE |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further administrative development.

## I. PROCEDURAL BACKGROUND

Plaintiff's application for supplemental security income was denied initially and on reconsideration.[1] Following two hearings,[2] an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 19-35). The Appeals Council denied Plaintiff's request for review. (TR. 1-4). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 29, 2011, the application date. (TR. 21). At step two, the ALJ determined that Ms. Leake had the following severe impairments: degenerative disc disease, osteoarthritis, obesity and hypertension. (TR. 22). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 28).

At step four, the ALJ found that Plaintiff had no past relevant work. (TR. 33). The ALJ further found Plaintiff had the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except occasional ramps and stairs and occasional hazards.

(TR. 30).

---

[1] Ms. Leake had originally filed applications for supplemental security income and disability insurance benefits, but at an administrative hearing on February 6, 2014, she amended her onset date to August 29, 2011 and withdrew the request for disability benefits. *See* TR. 52, 54.

[2] The first hearing was held on February 6, 2014. (TR. 48-63). The second hearing was held on July 22, 2014 to allow additional evidence. (TR. 64-73).

Because the ALJ concluded that Plaintiff had no past relevant work, he proceeded to step five. There, he presented the limitations from the RFC to a vocational expert (VE) to determine whether there were other jobs Plaintiff could perform. (TR. 70-71). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 71). The ALJ adopted the testimony of the VE and concluded that Ms. Leake was not disabled based on her ability to perform the identified jobs. (TR. 34-35).

## III. ISSUES PRESENTED

On appeal, Plaintiff alleges: (1) error in the consideration of an opinion from a consultative examiner and (2) an erroneous RFC.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. ERROR IN THE CONSIDERATION OF DR. CHAUDRY'S OPINION

On March 12, 2014, S.A. Chaudry, M.D., performed a consultative examination of Ms. Leake. (TR. 496-508). Dr. Chaudry opined that Ms. Leake could:

- Sit for 20 minutes at one time,

- Stand for 20 minutes at one time,

- Walk for 10 minutes at a time assisted with a cane, and walk 5 minutes at a time unassisted,

- Frequently reach with either hand,

- Frequently use foot controls,

- Occasionally balance, and

- Never climb ladders, scaffolds, stoop, kneel, crouch, or crawl.

(TR. 496, 500, 501, 502, 504). Dr. Chaudry also stated that Ms. Leake had required a cane to ambulate for the past two weeks and that in his opinion, a cane was "medically necessary." (TR. 500). Finally, Dr. Chaudry stated that Ms. Leake's lower back pain "interfere[d] [with] all activities" and had existed for four years. (TR. 504).

The ALJ recited these opinions in the decision and stated: "The undersigned gives great weight to Dr. Chaudry's opinion at Exhibit 17F, as is supported by the objective evidence." (TR. 26, 33). Ms. Leake contends the ALJ erred in failing to explain why he appeared to have adopted a portion of Dr. Chaudry's opinion, while rejecting other limitations which conflicted with the RFC. The Court agrees.

The RFC determination allows for Ms. Leake to perform "sedentary work as defined in 20 CFR 416.967(a) except occasional ramps and stairs and occasional hazards." (TR. 30). Sedentary work requires the ability to sit for at least 6 hours during

4

an 8-hour workday and "occasional" walking and standing. 20 C.F.R. §416.967(a); SSR 96–9p, 1996 WL 374185, at *6 (1996). "Occasional" has been defined as "occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96–9p, 1996 WL 374185, at *3 (1996). Dr. Chaudry opined that Ms. Leake could walk and stand for approximately two hours in an 8-hour workday, and sit for approximately six hours during an 8-hour workday. (TR. 496, 500). These opinions are consistent with the RFC determination for "sedentary" work, but the ALJ ignores Dr. Chaudry's additional limitations which state that Ms. Leake could only walk for 10 minutes at one time, stand for only 20 minutes at one time, and sit for only 20 minutes at one time. (TR. 496, 500). These additional restrictions imply that Ms. Leake would need to alternate positions after the allotted time had expired, which could have impacted her ability to perform sedentary work. The SSA explains:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

SSR 96-9p, at *7. Here, the ALJ acknowledged Dr. Chaudry's opinion and gave it "great weight." (TR. 33). But the ALJ ignored critical portions of Dr. Chaudry's opinion regarding Plaintiff's limited ability to sit, stand, and walk at one time which could have

5

affected her ability to perform the sedentary jobs identified by the VE. The Tenth Circuit Court of Appeals has repeatedly held that this type of selective review is improper:

> [T]he ALJ fully discounted the bulk of [a physician's] mental RFC limitations with no explanation at all as to why one part of his opinion was creditable and the rest was not. That is error under this circuit's case law. We have repeatedly held that [a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.

*Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) (citing *Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007); *Robinson v. Barnhart,* 366 F.3d 1078, 1083 (10th Cir. 2004), and *Hamlin v. Barnhart,* 365 F.3d 1208, 1219 (10th Cir. 2004)) (internal quotation marks omitted).

Ms. Leake also urges error in the consideration of Dr. Chaudry's opinions that Plaintiff required a cane to ambulate and that the device was medically necessary. The Court rejects this portion of Plaintiff's claim, because the ALJ discussed, and then discounted, Plaintiff's need for a cane, stating:

> The claimant used a cane when going for a consultative examination and when she came to the hearings; however, there is no evidence in the record that a cane has been prescribed. At consultative exam in March 2012, her gait was normal and adequate for speed, safety and stability. There was no evidence of any limp or need for assistive device.

(TR. 32-33).

Finally, Plaintiff alleges that the ALJ failed to account for Dr. Chaudry's opinions regarding: (1) the ability to frequently reach and use foot controls, (2) the ability to occasionally balance, (3) the inability to climb ladders, scaffolds, stoop, kneel, crouch, and crawl, and (4) Plaintiff's low back pain interfering with "all activities." Plaintiff is correct regarding the ALJ's failure to discuss the opinions regarding nonexertional and

manipulative limitations. But any error in failing to discuss the particular limitations was harmless because the very nature of sedentary jobs, and in particular, the jobs identified by the VE, do not require abilities which are inconsistent with Dr. Chaudry's opinions. The Tenth Circuit Court of Appeals has explained:

> For the sake of argument, we may assume that the ALJ failed to weigh the state agency medical consultants' opinions. Still, Ms. Mays does not identify any resulting prejudice. She cites one consultant's conclusions that she could only occasionally climb, balance, stoop, kneel, crouch, and crawl. But she fails to explain why these limitations would conflict with sedentary jobs, for "[p]ostural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." SSR 96–9p, 1996 WL 374185, at *7.
> 
> Social Security Ruling 83–10 states that "[b]y its very nature, work performed primarily in a seated position entails no significant stooping." SSR 83–10, 1983 WL 31251, at *5; see SSR 85–15, 1985 WL 56857, at *7 ("If a person can stoop occasionally ... in order to lift objects, the sedentary and light occupational base is virtually intact.").
> 
> Similarly, crouching is rarely needed for sedentary work. See SSR 83–14, 1983 WL 31254, at *2 (noting that to perform substantially all of the exertional requirements of most sedentary jobs, a person would not need to crouch); see also Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir.1992) (stating that the ability to crouch is not needed for substantially all sedentary and light jobs).
> 
> Like limitations on crouching, limitations on crawling, kneeling, or balancing would generally prove inconsequential on the ability to perform sedentary jobs. See SSR 85–15, 1985 WL 56857, at *7 (stating that an inability to kneel or crawl is "of little significance in the broad world of work"); SSR 96–9p, 1996 WL 374185, at *7 (postural limitations on balancing would not erode the occupational base for a full range of sedentary work).

>As a result, the agency consultants' opinions proved inconsequential when the ALJ limited Ms. Mays to sedentary work. In these circumstances, the alleged failure to discuss the consultants' opinions would constitute harmless error.

*Mays v. Colvin,* 739 F.3d 569 (10th Cir. 2014).

As in *Mays*, the ALJ's failure to specifically discuss Dr. Chaudry's opinions regarding Plaintiff's abilities to reach, use foot controls, balance, climb ladders and scaffolds, stoop, kneel, crouch, and crawl was harmless, especially in light of the fact that the jobs identified by the VE did not conflict with Dr. Chaudry's opinions. *Compare* TR. 501, 502 *with* DOT # 237.367-046, # 209.567-014, and # 249.587-014.

Finally, Plaintiff questions the ALJ's failure to specifically discuss Dr. Chaudry's opinion that Ms. Leake's lower back pain interferes with all activities and had existed for 4 years. The Court rejects Plaintiff's contention, as the ALJ acknowledged the opinion and limited Plaintiff to sedentary work. *See* Tr. 26, 30.

In a separate point of error, Plaintiff argues "The ALJ erred when he found a limited range of sedentary work." (ECF No. 17:4). But the Court need not address this allegation, as the RFC will be affected on remand following further review of Dr. Chaudry's opinion. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) ("We will not reach the remaining issues raised by claimant because they may be affected by the ALJ's resolution of this case on remand.").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Here, the ALJ did precisely what the Tenth Circuit has prohibited—he

completely ignored portions of Dr. Chaudry's opinion which concerned Plaintiff's ability to walk, sit, and stand. The omission was critical, as the findings could have affected the RFC determination and Ms. Leake's ability to work. As a result, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further administrative findings regarding Dr. Chaudry's opinion. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (reversing and remanding because the ALJ should have explained why he had rejected some of the consulting doctor's restrictions in the RFC, "while appearing to adopt the others.").

ENTERED on December 29, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE