IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARRELLYNN LEAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-379-STE |
| | ) | |
| THE COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA). (ECF No. 26). Specifically, Plaintiff seeks an award of fees in the amount of $4,769.30. (ECF No. 26 & 27). Defendant objects to any award of fees, arguing that her position was "substantially justified." The Court rejects Defendant's argument and **GRANTS** an award of fees to Plaintiff in the amount of **$4,728.50.**

### I. ATTORNEY FEES AUTHORIZED UNDER EAJA

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988); *see* 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II.   PLAINTIFF IS THE PREVAILING PARTY

Previously, the Court ordered: (1) reversal of the Commissioner's decision denying Plaintiff's application for supplemental security income and (2) a remand for further administrative proceedings (ECF Nos. 24 & 25). The reversal was based on the ALJ's improper evaluation of the opinion from a consultative physician, Dr. S.A. Chaudry. (ECF No. 28:4-9). With the reversal and remand, Ms. Leake is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

## III.   PLAINTIFF IS ENTITLED TO AN AWARD OF BENEFITS

Dr. Chaudry had performed a consultative examination of Plaintiff and opined, in part, that she could: (1) sit for 20 minutes at one time, (2) stand for 20 minutes at one time, and (3) walk for 10 minutes at a time assisted with a cane and 5 minutes at a time unassisted. (TR. 496, 500). The ALJ recited Dr. Chaudry's findings, and stated: "The undersigned gives great weight to Dr. Chaudry's opinion at Exhibit 17F, as is supported by

the objective evidence." (TR. 26, 33). But as noted by the Court, the ALJ engaged in an impermissible review of Dr. Chaudry's opinion because not all of the physician's findings were reflected in the RFC and the ALJ failed to explain the discrepancy.

The RFC allowed for Ms. Leake to perform "sedentary work as defined in 20 CFR 416.967(a) except occasional ramps and stairs and occasional hazards." (TR. 30). Sedentary work, in turn, requires the ability to sit for at least 6 hours during an 8-hour workday and "occasional" walking and standing. 20 C.F.R. §416.967(a); SSR 96–9p, 1996 WL 374185, at *6 (1996). "Occasional" has been defined as "occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96–9p, 1996 WL 374185, at *3 (1996). Dr. Chaudry opined that Ms. Leake could walk and stand for approximately two hours in an 8-hour workday, and sit for approximately six hours during an 8-hour workday. (TR. 496, 500). These opinions were consistent with the RFC determination for "sedentary" work, but the ALJ ignored Dr. Chaudry's additional limitations which stated that Ms. Leake could only walk for 10 minutes at one time, stand for only 20 minutes at one time, and sit for only 20 minutes at one time. (TR. 496, 500). These additional restrictions implied that Ms. Leake would need to alternate positions after the allotted time had expired, which could have impacted her ability to perform sedentary work. The Tenth Circuit Court of Appeals has repeatedly held that this type of selective review is improper:

> [T]he ALJ fully discounted the bulk of [a physician's] mental RFC limitations with no explanation at all as to why one part of his opinion was creditable and the rest was not. That is error under this circuit's case law.

> We have repeatedly held that [a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.

*Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) (citing *Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007); *Robinson v. Barnhart,* 366 F.3d 1078, 1083 (10th Cir. 2004), and *Hamlin v. Barnhart,* 365 F.3d 1208, 1219 (10th Cir. 2004)) (internal quotation marks omitted).

In defense of the Commissioner's position as "substantially justified," Defendant argues that Dr. Chaudry "and others" noted that Ms. Leake had a "normal gait." (ECF No. 28:4). According to Defendant, "[t]his evidence supported the ALJ's consideration of Dr. Chaudry's opinion as to Plaintiff's exertional limitations." (ECF No. 28:5). The Court disagrees for two reasons. First, a finding of "normal gait" would refer only to Ms. Leake's *ability* to walk, but the finding is silent regarding the length of time Plaintiff could walk before having to rest. Second, a finding of "normal gait" is not relevant to Dr. Chaudry's findings that Ms. Leake could only sit and/or stand for 20 minutes at one time—two of the specific opinions which the ALJ was charged with selectively ignoring.

The Commissioner's argument ignores well-established Tenth Circuit law which prohibits an ALJ from engaging in selective review of the medical evidence. This legal error prevents the Court from concluding that the Commissioner's position was substantially justified.

## IV.   AMOUNT OF RECOVERABLE FEE

Defendant did not meet her burden of proof to show that the government's position was substantially justified. Further, the undersigned knows of no special

circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of $4,769.30, calculated as follows: 20.40 hours of work performed by her attorney in 2016 and 2017 at a rate of $192.00 per hour ($3,916.80) and 7.75 hours of paralegal work performed in 2016 and 2017 at a rate of $110.00 per hour ($852.50). (ECF No. 26-1). Mr. Mitzner has provided a detailed breakdown of time expended in representing Ms. Leake, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

Mr. Mitzner has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated March 24, 2016, from the Office of the General Counsel of the Social Security Administration. (ECF No. 27-1). However, contrary to Mr. Mitzner's claim regarding an authorized hourly rate of $192.00, the letter shows that for 2016, the authorized maximum hourly rate for attorney work in Oklahoma was $190.00. (ECF No. 27-1). The letter does not indicate the authorized maximum hourly rate for 2017, but the Court finds that the hourly rate for 2017 should also be $190.00, as that amount had been authorized in 2016 and the two prior years. *See* ECF No. 27-1. Thus, Ms. Leake is entitled to an upward adjustment of the hourly attorney fee to $190.00 per hour. For 20.40 hours of attorney work, this amount would equal $3,876.00. Additionally, Plaintiff is entitled to recover paralegal fees

at prevailing market rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff has submitted the hourly paralegal rate as $110.00 for 2016 and 2017 and Defendant has not objected. Therefore, the Court concludes that this hourly rate is reasonable and within the acceptable prevailing market rate.

The Court therefore finds that Plaintiff is entitled to a total attorney fee award in the amount of **$4,728.50.** Said fee is payable to Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

## ORDER

The Court **GRANTS** Plaintiff's Motion for Attorney's Fees **(ECF No. 26)** in the amount of **$4,728.50**.

ENTERED on March 8, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE